UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHANNA DIAZ, as Administrator of the ESTATE OF DOMINGO DIAZ, | |
| Plaintiff, | CIVIL ACTION NO. 3;23-cv-01401 |
| v. | (SAPORITO, J.) |
| TRANSCO LEASING, INC., et al., | |
| Defendants. | |

## MEMORANDUM

This diversity action arises from a multivehicle accident that occurred during white-out conditions on I-81 near mile marker 116 in Foster Township, Schuylkill County, Pennsylvania, on March 28, 2022. The matter comes before us on a motion by one of the several defendants, Thomas M. Burcak, to partially dismiss the amended complaint as against him, pursuant to Fed. R. Civ. P. 12(b)(6), or to strike allegations of recklessness and conscious disregard and claims for punitive damages as against him, pursuant to Fed. R. Civ. P. 12(f). Doc. 93. The motion is fully briefed and ripe for decision. Doc. 93; Doc. 100.

First, we note that "a Rule 12(f) motion to strike has no application to a request for punitive damages, in that it does not constitute

redundant, immaterial, impertinent, or scandalous matter." *Castelli-Velez v. Moroney*, No. 3:20-CV-00976, 2021 WL 978814, at *4 (M.D. Pa. Mar. 16, 2021) (internal quotation marks omitted); *see also Jordan v. Wilkes-Barre Gen. Hosp.*, No. 3:07cv390, 2008 WL 3981460, at *5 (M.D. Pa. Aug. 22, 2008) ("Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of all or part of a complaint.") (internal quotation marks omitted). Thus, the court will deny the moving defendant's motion to strike.

Next, we note that Pennsylvania law allows punitive damages to be "awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). "Punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him and others like him from similar conduct." *Id.* (citations omitted). Ultimately, "a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff

was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Id.* at 772. "[W]hen assessing the propriety of the imposition of punitive damages, the state of mind of the actor is vital." *Id.* at 770 (internal quotation marks and brackets omitted). Thus, "the determination of whether an individual was reckless inherently involves a fact-finding inquiry." *Mulholland v. Gonzalez*, No. 08-3901, 2008 WL 5273588, at *3 (E.D. Pa. Dec. 18, 2008).

Here, the amended complaint alleges that the decedent, Domingo Diaz, was operating his Freightliner tractor-trailer truck northbound on I-81 in snowy conditions when he observed a multivehicle collision on the roadway ahead of him. In order to avoid the collision, Diaz steered his truck to the left shoulder in an attempt to safely exit the roadway and avoid striking the disabled vehicles ahead of him. While on the shoulder, Diaz's truck was violently struck by multiple other vehicles, including one driven by the moving defendant, Burcak. Due to the sheer velocity of the impact of those vehicles, Diaz's truck was engulfed in fire and Diaz was killed. The amended complaint further alleges that Burcak had been acting recklessly, driving his motor vehicle at dangerously high speeds for the whiteout conditions in effect at the time when he violently struck

Diaz's truck, such that he did not notice that he was rapidly approaching Diaz's Freightliner or the other disabled vehicles.

At this stage, viewing the allegations of the amended complaint in the light most favorable to the non-moving plaintiff, we find that the plaintiff has alleged "enough facts to raise a reasonable expectation that discovery will reveal evidence of" the moving defendant's recklessness—i.e., whether Burcak subjectively appreciated the risk of harm to which Diaz was exposed, and whether Burcak acted, or failed to act, in conscious disregard of that risk. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also Shelton v. Gure*, No. 3:19-CV-0843, 2019 WL 4168868, at *2 (M.D. Pa. Sept. 3, 2019); *White v. Trybala*, No. 3:19cv14, 2019 WL 2119982, at *3 (M.D. Pa. May 15, 2019); *Goodfellow v. Camp Netimus, Inc.*, No. 3:16-1521, 2017 WL 1738398, at *9 (M.D. Pa. May 4, 2017). Thus, the court will deny the moving defendant's motion to dismiss the claim for punitive damages as against him.

An appropriate order follows.

Dated: March 10, 2025    *s/Joseph F. Saporito, Jr.*
                                                JOSEPH F. SAPORITO, JR.
                                                United States District Judge